# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:24-CV-00870-KDB-SCR

| | |
|---|---|
| THE ESTATE OF BOBBY GLENN RAY SR., by and through Mary Cathy Ray, Personal Representative, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>GUIDEONE MUTUAL INSURANCE COMPANY, )<br>)<br>)<br>)<br>Defendant. ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint" (the "Motion") (Doc. No. 10) and the parties' related briefs and exhibits. (Doc. Nos. 10-1, 10-2, 11, & 13). The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant GuideOne Mutual Insurance Company's ("GuideOne" or "Defendant") Motion be granted as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the facts in Plaintiff's Complaint (Compl., Doc. No. 1-1) as true for the purposes of reviewing this Motion to Dismiss, Bobby Glenn Ray, Sr. (the "Decedent" or "Mr. Ray") was the Pastor of the Assembly of Faith World Center ("Assembly") church located in Gaston County, North Carolina. Id. ¶ 12.

Assembly[1] was the named insured under a commercial auto insurance policy issued by GuideOne, which was in effect between October 9, 2020, and October 9, 2021 (the "Policy"), and attached to the Complaint. Id. at ¶¶ 13 & 14. Mr. Ray was not a party to or mentioned by name in the Policy. Id. at 12-78. Mr. Ray drove a 2014 Nissan Pathfinder (the "Nissan"), which was purchased on or about March 6, 2020, and "title was placed in the name of Mr. Ray." Id. ¶¶ 15, 26-27, 42. The Nissan was used in the activities and business of Assembly. Id. ¶ 26. The Nissan was added and listed among twelve motor vehicles as "COVERED AUTOS YOU OWN" in Assembly's Policy. Id. ¶¶ 25, 27. All premiums for the Nissan were paid, including premiums for underinsured motorist ("UIM") coverage, which has a $1,000,000 limit of liability. Id. ¶¶ 1, 23, 29.

On February 22, 2021, Mr. Ray drove the Nissan to Bessemer City to pick up his grandson from a karate lesson. Id. ¶ 15. After parking, crossing the street, and while returning to the Nissan with his grandson, Mr. Ray was tragically struck in the crosswalk by a 2004 Honda operated by Justin Tyler Edwards ("Edwards"). Id. ¶ 16. Mr. Ray was seriously injured because of the accident and was in a vegetative state until he died on June 6, 2023. Id. ¶ 18.

Plaintiff brought a separate action against Edwards and the City of Bessemer, which is attached to the Complaint.[2] Id. ¶ 30, Ex. C. Edwards maintained motor vehicle liability insurance that provided for the statutory minimum limits of $30,000 per person/$60,000 per accident, and the $30,000 limit of liability has been tendered to the Plaintiff. Id. ¶ 21. Plaintiff also submitted a claim to GuideOne for UIM coverage under the Policy. Id. ¶ 32. GuideOne denied Plaintiff's claim by a letter dated July 12, 2022, stating:

---

[1] Assembly is not a party to this action. (Doc. No. 1-1).
[2] The Estate of Bobby Glenn Ray, Sr., by and through Mary Cathy Ray, Personal Representative v. City of Bessemer City and Justin Tyler Edwards, Case No. 24-CVS-727 (Gaston Cnty Super. Ct.).

> Both the registration and Certificate of Title list Bobby Glenn Ray as the sole owner of this vehicle. We have researched coverage under this Business Auto Policy. We have determined that under North Carolina law, ownership is determined by legal title to the vehicle. It has been determined that Bobby Glenn Ray had ownership of this vehicle, and that the subject vehicle is not considered a covered vehicle for this reason. We further determined that Uninsured/Underinsured Motorist Bodily Injury Coverage is not owed to Bobby Glenn Ray with regard to this accident for these outlined reasons.

Id. ¶ 32, Ex. D.

In response, Plaintiff sent GuideOne a copy of the complaint in the separate action by letter on February 21, 2024. Id. ¶ 34. Plaintiff's counsel then sent a letter requesting reconsideration of GuideOne's denial and a response from GuideOne by April 1, 2024. Id. ¶¶ 35-36. On March 1, 2024, GuideOne stated by email that it would consult with their coverage counsel and respond to Plaintiff "once [they] were complete with [their] additional review." Id. ¶ 37. Then, on March 7, 2024, GuideOne sent another email stating that they were seeking a second coverage review and requested an extension of the reconsideration deadline to April 15, 2024, which was agreed to by Plaintiff's counsel. Id. ¶¶ 38-39. GuideOne never responded. Id. ¶ 40.

On August 14, 2024, Plaintiff filed the Complaint in Gaston County Superior Court seeking declaratory judgment and claiming breach of contract, "unfair claims practices" in violation of N.C. Gen. Stat. § 58-63-15 and N.C. Gen. Stat. § 75-1.1, and breach of the covenant of good faith. (Doc. No. 1-1). Plaintiff alleges Defendant is obligated to provide a full UIM limit of $1,000,000 for Plaintiff's claims and other damages resulting from the accident. Id. ¶ 47. Alternatively, Plaintiff argues that the Policy should be reformed to reflect that the Decedent was entitled to UIM coverage for any accident arising out of the use of the Nissan based upon mutual mistake, inequitable conduct, or other grounds. Id. ¶ 48.

On August 27, 2024, GuideOne was served with the Summons and Complaint via the North Carolina Department of Insurance. (Doc. No. 1-2). On September 26, 2024, the Defendant

removed the state court action to the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1332. (Doc. No. 1-5). Removal has not been challenged. Defendant then moved to dismiss Plaintiff's Complaint. (Doc. No. 10-1). The Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. Id. at 678-79. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 679; see also Anand v. Ocwen Loan Serv., LLC, 754 F.3d 195, 198 (4th Cir. 2014) (recognizing the court does not accept as true legal conclusions couched as a factual allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Although the pleading requirements stated in Rule 8 of the Federal Rules of Civil Procedure mark "a notable and generous departure from the hypertechnical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court assumes their truth and then determines whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Where "it is clear that no relief could be granted under any set of facts that could be prove[n] consistent with the allegations . . . a claim must be dismissed." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### B. Declaratory Judgment and Claims of Breach of Contract, Unfair Practices, and Breach of the Covenant of Good Faith

The parties agree that North Carolina law governs this dispute. (Doc. Nos. 1-1; 10-1 at 6 n.1; 11 at 5). The undersigned agrees, and applies North Carolina law in evaluating Defendant's Motion to Dismiss. See N.C. Gen. Stat. § 58-3-1; Enck v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 685 F. Supp. 3d 356, 363 (W.D.N.C. 2023); Vincent v. AMCO Ins. Co., 821 F. App'x. 220, 223 (4th Cir. 2020).

As an initial matter, Defendant argues that Plaintiff's claims for declaratory relief and

breach of contract fail even at the 12(b)(6) stage because Plaintiff has failed to allege any specific facts that would a support a breach of contract claim. (Doc. No. 10-1 at 1, 10-12). Defendant points out that the Policy was between Assembly, who is not a party to this action, and Defendant GuideOne. Id. at 11. For this reason, Defendant argues there is no privity of contract, and Plaintiff has failed to state a breach of contract claim. Id. at 1, (Doc. No. 10-1 at 1, 11). The undersigned agrees.

Under North Carolina law, a plaintiff must plead facts to support the following elements of breach of contract claim: (1) there was a valid contract between the parties; and (2) that the defendant breached the terms of that contract. Rmah v. USAA Cas. Ins. Co., 828 S.E.2d 674, 2019 WL 2385177, at *4 (N.C. Ct. App. 2019) (citing Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000)). "To withstand a motion to dismiss for failure to state a claim in a breach of contract action, a plaintiff's allegations must either show it was in privity of contract, or it is a direct beneficiary of the contract." Rmah, 828 S.E.2d at 674, 2019 WL 2385177, at * 3 (citing Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc., 545 S.E.2d 745, 750 (N.C. Ct. App. 2001), aff'd per curiam, 556 S.E.2d 293 (N.C. 2001)); see also Martin v. Nautilus Ins. Co., No. 1:20CV858, 2024 WL 3361129, at *4 (M.D.N.C. July 10, 2024) ("Under North Carolina law, '[t]he general rule is that one who is not a party to a contract may not maintain an action for its breach.'") (quoting Matternes v. City of Winston-Salem, 209 S.E.2d 481, 487 (N.C. 1974)). However, "a person may bring an action to enforce a contract to which he is not a party, if he demonstrates that the contracting parties intended primarily and directly to benefit him or the class of persons to which he belongs." DeMent v. Nationwide Mut. Ins. Co., 544 S.E.2d 797, 801 (N.C. Ct. App. 2001).

Here, Plaintiff has pointed to the Policy as the contract. (Doc. No. 1-1 at ¶ 51). However, as Plaintiff alleges in the Complaint, the Policy is between Assembly and Defendant. Id. at ¶ 13,

Ex. A. Plaintiff does not sufficiently allege facts that Mr. Ray was in contractual privity with the insurance company such that Plaintiff could bring a breach of contract claim. Plaintiff has neither alleged that Mr. Ray was a party to the contract nor that he was intended to be a party. Plaintiff also fails to allege that Mr. Ray was a third-party beneficiary or any other basis that would permit such a claim.[3] See DeMent, 544 S.E.2d at 799 (reversing trial court's denial of motion for judgment of the pleadings and finding plaintiff lacked standing to seek a declaratory judgment construing the policy provisions). As a result, the Court is left guessing the basis upon which Plaintiff relies to bring a contract claim.[4]

In Rmah, the North Carolina Court of Appeals examined the contours of privity involving a breach of contract claim against an insurance company following an automobile accident. The Court ultimately found plaintiff had sufficiently pled[5] a breach of contract claim based on privity involving a settlement agreement, but limited its ruling stating:

> We wish to emphasize, however, that because Rmah as not a party to the insurance contract. . . and has not obtained a judgment against [the insured tortfeasor who held the policy], he lacks privity to bring a claim regarding any actions or omissions of [the insurance company] arising under the insurance contract or occurring before the alleged settlement agreement. . . Therefore, to the extent that the order . . . dismissed [plaintiff's] claims pertaining to conduct occurring before the settlement agreement was reach, that order is affirmed.

---

[3] The undersigned recognizes and appreciates Plaintiff's argument in its brief that "it was expected that the pastor would be an insured" under Assembly's Policy. (Doc. No. 11 at 7). Unfortunately, this is not pled in the Complaint, and, as a result, these allegations may not be considered unless they were contained in an amended complaint. See Seme v. Autumn Care of Statesville, No. 5:23-CV-00152-KDB-SCR, 2024 WL 1920322, at *2 (W.D.N.C. Apr. 12, 2024), mem. and recomm. adopted, No. 5:23-CV-00152-KDB-SCR, 2024 WL 1916716 (W.D.N.C. May 1, 2024). See also McNulty v. Commc'ns Workers of Am., No. 3:12-CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) (citing Beck v. City of Durham, 129 F. Supp. 844, 855 (M.D.N.C. 2000))("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).").

[4] Plaintiff's requests for the Court to find mutual mistake or reform the contract underscore why the Complaint is deficient. It is unclear how this Court could fashion such remedies where Plaintiff's own pleading acknowledges Assembly and Defendant were parties to the Contract. Plaintiff is seeking to reform a contract in which it is not pled that Mr. Ray was a party to or even a third-party beneficiary.

[5] The undersigned recognizes the Court of Appeals was evaluating the sufficiency of the pleading under North Carolina standards.

Rmah, 828 S.E.2d at 674, 2019 WL 2385177, at *5; see also DeMent v. Nationwide Mut. Ins. Co., 544 S.E.2d 797, 799 (N.C. Ct. App 2001) (finding "the benefit running to plaintiff by reason of the provision is merely incidental, he is without standing as a third party beneficiary to seek enforcement of the covenant or a declaratory judgment as to its terms."); Martin, 2024 WL 3361129, at *4 (dismissing a certain plaintiff's breach of contract and unfair and deceptive practices act claims because the plaintiff was not a named insured under the Policy and lacked privity to bring a claim related to obligations of Defendant under the policy).

Considering all of this, the undersigned concludes that Plaintiff's Complaint is deficient in this regard and that Plaintiff's request for declaratory judgment and breach of contract claim fail at this time. For these reasons, the undersigned respectfully recommends that Defendant's Motion be granted.

For similar reasons, the claims fail for unfair practices in violation of N.C. Gen. Stat. § 58-63-15 and N.C. Gen. Stat. § 75-1.1 and breach of the covenant of good faith. With limited exceptions, North Carolina does not generally recognize a cause of action for third-party claimants against the insurance company based on unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 or N.C. Gen. Stat. § 58-63-15. Wilson v. Wilson, 468 S.E.2d 495, 497 (N.C. Ct. App. 1996); Murray v. Nationwide Mutual Insurance Co., 472 S.E. 2d 358, 366 (N.C. Ct. App. 1996); USA Trouser, S.A. de C.V. v. Williams, 812 S.E.2d 373, 379 (N.C. Ct. App. 2018) ("Without privity, the general rule that 'a private right of action under [N.C. Gen. Stat.] § 58-63-15 and [N.C. Gen. Stat.] § 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party[,]' prevails") (citing Lee v. Mut. Community Sav. Bank, 525 S.E.2d 854, 856 (2000), disc. review denied, 817 S.E.2d 199 (N.C. 2018)).

In Wilson v. Wilson, the North Carolina Court of Appeals held "North Carolina does not

recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices. . . ." and concluded that plaintiff did not have standing to bring such a claim as a stranger to the contract lacking privity. Wilson, 468 S.E.2d at 497.

Soon thereafter, the North Carolina Court of Appeals created an exception to the Wilson rule in Murray v. Nationwide Mutual Insurance Co., 472 S.E.2d 358, 366 (N.C. Ct. App. 1996), disc. review denied, 345 N.C. 344, 483 S.E.2d 173 (1997). In Murray, a plaintiff had obtained a judgment against the insured driver, but the defendants-insurers refused to fully satisfy the judgment. 472 S.E.2d at 366. The Court permitted plaintiff to pursue a claim in that specific context because the "injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeasor/insured party . . . and for this reason alone, [the plaintiff is] not bound by the third-party restrictions set forth in Wilson."[6] Id.; see also Lira, 882 S.E.2d at 752, 2023 WL 1788522, at *4 (describing development of the Wilson rule and its exceptions).

Then, as described by the North Carolina Court of Appeals in USA Trouser, S.A. de C.V. v. Williams:

> Following *Murray*, this Court has required the third-party plaintiff, in an automobile accident context, to have obtained a judgment against the liability insurance company's insured before it may have standing to sue the insurance company directly. See Craven v. Demidovich, 172 N.C. App. 340, 342, 615 S.E.2d 722, 724 (2005) (affirming dismissal of plaintiff's claims against insurer when insured's liability had not been judicially determined).

812 S.E.2d at 377. "Obtaining a judgment against the insured, however, does not in and of itself establish the third-party claimant's contractual privity with the insurer." Lira, 882 S.E.2d at 752, 2023 WL 1788522, at *4.

---

[6] The undersigned notes the facts here are different in that Defendant is not the insurer of the tortfeasor/insured party.

The Court of Appeals in USA Trouser also discussed the scope and limits of the Murray holding and noting that "Murray did not recognize nor implement a general rule that judgments against insureds provide claimants with rights to recover from insurers directly." 812 S.E.2d at 377. Instead, Murray recognizes "(1) that if a third-party claimant is a party to an insurance contract and (2) obtains a judgment against an insurance company's insured, then the third-party claimant would have standing to sue the insurer directly." Id.; see also Rmah, 828 S.E.2d at 674, 2019 WL 2385177, at *4 (summarizing that in the context of automobile accidents, "an injured third party is deemed to be in privity with a tortfeasor's insurance company if either (1) a judgment is entered against the tortfeasor; or (2) the injured party and the insurance company enter into a settlement agreement").

In light of framework, the undersigned concludes that Plaintiff's unfair practices claim fails because North Carolina does not recognize such a claim under this context. The undersigned has closely examined Murray given it involved an automobile accident and UIM. But in Murray, the North Carolina Court of Appeals found contractual privity because "the injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeasor/insured party." 472 S.E. 2d at 366. Here, the posture is different. While Plaintiff alleges filing an action against the individual responsible for the accident and attaches a copy of the Complaint, Plaintiff has not pled whether a judgment against the tortfeasor has resulted. (Doc. No. 1-1 at ¶¶ 30-31, Ex. C). Plaintiff alleges that the statutory limit of $30,000 has been tendered to Plaintiff. Id. ¶ 21. Also, the insurance company being sued here is not that of the tortfeasor's. Rather, Plaintiff pleads it was Assembly's insurance company and policy, and not his own. Id. ¶ 13. The Court in Murray further indicated outside of the context of privity, the concerns raised in Wilson were not at issue. Murray, 472 S.E. 2d 366. Conversely, those issues are at play

here because allowing a third-party action would "put the insurer in a position of conflict with its insured," which is in this case would put Defendant against its insured, Assembly. Id. "The insurer has a duty to safeguard the interests of its insured" and "should not interpose its interests to the detriments of its insured." Id.[7]

For these reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted. See also Woods v. Sentry Ins. a Mut. Co., 666 S.E.2d 891 (N.C. Ct. App. 2008) (rejecting plaintiff's argument that the trial court erred in granting defendant's 12(b)(6) motion because "North Carolina courts, in the absence of privity of contract, do not recognize a cause of action for third-party claimants against insurance companies of adverse parties based on a [unfair and deceptive trade practices] claim."); Lira v. Felton, 882 S.E.2d 752, 2023 WL 1788522, at *4 (N.C. Ct. App. 2023) (concluding plaintiff's unfair and deceptive trade practices claim failed).

Because the undersigned finds that the breach of contract and unfair practices claim fail, it follows that Plaintiff's breach of the covenant of good faith claim fails too. "The elements of a claim for breach of the covenant of good faith are: (1) refusal to pay benefits under a policy after recognition of a valid claim; (2) bad faith; and (3) aggravating or outrageous conduct." Enck 685 F. Supp. at 356 (citing Lovell v. Nationwide Mut. Ins. Co., 424 S.E.2d 181, 184 (N.C. Ct. App. 1993)). However, without privity, the breach of the implied convent of good faith cannot lie. USA Trouser, S.A. de C.V., 812 S.E.2d at 379 (finding plaintiff did not have standing to asserts its unfair

---

[7] The undersigned also has considered the North Carolina Motor Vehicle Safety and Financial Responsibility Act ("the Act"), N.C. Gen. Stat. § 20-279.21. "[T]he provisions of this statute are deemed to be a part of every automobile insurance policy written in North Carolina and [these provisions] control over contrary provisions contained in such policies." Wood v. Nunnery, 730 S.E.2d 222, 225 (N.C. Ct. App. 2012). The North Carolina Court of Appeals considered this issue in Murray. 472 S.E. 2d 366. Even if the undersigned were to find Plaintiff had privity by statute or otherwise had sufficiently pled it, Defendant points to two cases in which the undersigned concludes would still require dismissal of Plaintiff's claims. See Pa. Nat'l Mut. Ins. Co. v. Strickland, 631 S.E.2d 845, 846-48 (N.C. Ct. App. 2006); W. Am. Ins. Co. v. Terra Designs, Inc., No. 5:11CV80-RLV, 2014 U.S. Dist. LEXIS 43395, at *4 (W.D.N.C. Mar. 30, 2014).

or deceptive trade practices claim and bad faith settlement claim); Cordaro v. Harrington Bank, FSB, 817 S.E.2d 247, 256 (2018).

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 10) be **GRANTED.**

## IV. TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting U. S. v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: September 8, 2025

Susan C. Rodriguez
United States Magistrate Judge