# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:24-CV-00870-KDB-SCR

| | |
|---|---|
| **MARY CATHY RAY,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND** |
| | **ORDER** |
| **GUIDEONE MUTUAL** | |
| **INSURANCE COMPANY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 10); the Memorandum and Recommendation ("M&R") of the Honorable Magistrate Susan C. Rodriguez (Doc. No. 14), recommending that Defendant's Motion be granted; and Plaintiff's objections to the M&R (Doc. No. 15). The Court has carefully considered this motion, and the parties' briefs and exhibits. For the reasons discussed below, the Court will **ADOPT** the M&R and **GRANT** the Motion.

## I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert

1

the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina,* No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678).[1] Thus, a motion to dismiss under Rule 12(b)(6) determines only

---

[1] When deciding a motion to dismiss, a court may also consider "the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia,*

whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.    FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under *a de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

Briefly, Decedent Bobby Glenn Ray, Sr. was a pastor of the Assembly of Faith World Center ("Assembly"). Compl. at ¶ 12. Assembly listed Mr. Ray's 2014 Nissan Pathfinder under a commercial auto insurance policy (the "Policy") issued by Guideone. *Id.* at ¶ 13. Mr. Ray was the sole owner of the vehicle. *Id.* at ¶ 28, 93. The Policy was in effect on February 22, 2021, when Mr. Ray was hit by a motorist while walking in a crosswalk toward his vehicle. *Id.* at ¶ 16. His estate filed a claim with Guideone for underinsured motorist ("UIM") coverage under the Policy. *Id.* at ¶ 32. Guideone denied the claim, explaining UIM coverage applied only to vehicles "actually owned" by the "Named Insured" (Assembly) on the Policy. *Id.* at ¶¶ 96, 98; Doc. No. 10-1 at 7.

Plaintiff, on behalf of Mr. Ray's estate, filed the instant matter, seeking a declaratory judgment and alleging breach of contract, unfair claims practices, and breach of the covenant of good faith. Compl. at 6–10. Guideone moved to dismiss, and the Magistrate Judge recommended granting the Motion, to which Plaintiff objects.

---

*Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.,* 637 F.3d at 448).

### III. DISCUSSION

The M&R recommends dismissal of all of Plaintiff's claims, primarily on the ground that Plaintiff has not plausibly alleged that Mr. Ray was either a party to the Policy or an intended beneficiary thereof–a threshold requirement for the claims in Plaintiff's cause of action. Plaintiff objects to the dismissal of any of her claims; however, after its de novo review, the Court finds that the M&R is well-reasoned, legally sound, and appropriately resolves the issues presented.

#### A.      Breach of Contract and Declaratory Judgment Claims

Plaintiff first objects to the M&R's recommendation that her breach of contract and declaratory judgment claims be dismissed for failure to sufficiently allege that Mr. Ray was in contractual privity with Guideone. In North Carolina, "an insurance policy is a contract, and its terms govern the parties' rights and duties." *Martin v. Nautilus Ins. Co.*, No. 1:20CV858, 2024 WL 3361129, at *2–4 (M.D.N.C. July 10, 2024) (citing *Fidelity Bankers Life Ins. Co. v. Dortch*, 348 S.E.2d 794, 796 (N.C. 1986)). By law, "one who is not a party to [the] contract may not maintain an action for its breach." *Id.* (quoting *Matternes v. City of Winston-Salem*, 209 S.E.2d 481, 487 (N.C. 1974)).

However, North Carolina law recognizes that a person may "bring an action to enforce a contract to which he is not a party, if he demonstrates that the contracting parties intended primarily and directly to benefit him or the class of persons to which he belongs." *DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 604 (2001) (quoting *Chemical Realty Corp. v. Home Fed'l Savings & Loan,* 84 N.C. App. 27, 33 (1987)). Therefore, to withstand a motion to dismiss for failure to state a claim in a breach of contract action, Plaintiff must allege that Mr. Ray "was in privity of contract, or … [was] a direct beneficiary of the contract." *Rmah v. USAA Cas. Ins. Co.*,

264 N.C. App. 667, at *3 (2019) (quoting *Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 8 (2001), *aff'd*, 354 N.C. 565 (2001)).

Plaintiff contends that by alleging Mr. Ray was a "class one UIM insured under the Policy,"[2] "a class two UIM insured under the Policy," and that the "Policy should be reformed" to include Mr. Ray as a named insured and his vehicle as having UIM coverage, Plaintiff has plausibly alleged Mr. Ray was "intended to be an insured." Doc. No. 15 at 7. Plaintiff further asserts that Guideone has a "direct UIM coverage obligation" to Mr. Ray because he was an "intended third party beneficiary of the Policy UIM coverage." *Id.*

It is undisputed that the Policy was issued between Assembly and Defendant. Compl. at ¶ 13. It is likewise undisputed that while Mr. Ray's vehicle was listed in the Policy, Mr. Ray himself was not. The parties also agree that Mr. Ray held the title to the Nissan and that the Nissan was therefore owned by Mr. Ray–not Assembly. Moreover, the UIM coverage endorsement expressly provides that where the Named Insured (here, Assembly) is a partnership, LLC, corporation, or any other form of organization, "anyone 'occupying' a covered 'auto'" is an "insured," but that the term "covered auto" applies "only [to] those 'autos' you [the Named Insured (Assembly)] own." Doc. No. 1-3 at 44, 49. Thus, by the Policy's terms, even assuming for purposes of the Motion that Mr. Ray was "occupying" the Nissan, it was not a "covered auto" for purposes of UIM coverage.

Taken together, Plaintiff's assertions–though creatively framed–fail to plausibly allege either privity of contract or that Mr. Ray was an intended beneficiary of the Policy. Accordingly, the Court will adopt the M&R and dismiss these claims.

---

[2] Exhibit F attached to the Complaint alleges only that Mr. Ray *should* be deemed a class one UIM insured. *See* Doc. No. 1-1 at 98.

### B. Good Faith and Unfair and Deceptive Trade Practices Act Claims

For the same reasons underlying the M&R's recommendation to dismiss the breach of contract and declaratory judgment claims, it likewise recommends dismissal of Plaintiff's claims for breach of the covenant of good faith and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Plaintiff objects to the dismissal simply based on her position that the claims should survive because the breach of contract and declaratory claims should survive. The Court disagrees.

*Good Faith Claim*

Every contract contains "an implied covenant of good faith and fair dealing." *First Protective Ins. Co. v. Rike*, 516 F. Supp. 3d 513, 531 (E.D.N.C. 2021) (quoting *Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 228 (1985)). Yet, as courts have recognized, "where the parties have executed a written contract, an action for breach of the covenant of good faith and fair dealing is part and parcel of a claim for breach of contract." *Id.* (quoting *McKinney v. Nationstar Mortg., LLC*, No. 5:15-CV-637-FL, 2016 WL 3659898, at *8 (E.D.N.C. July 1, 2016)) (internal quotations omitted). North Carolina permits "a separate claim for breach of an implied covenant of good faith and fair dealing … in limited circumstances involving special relationships between parties, [such as] cases involving contracts for funeral services and insurance," but that "outside such circumstances, actions for breach of good faith fail." *Id.* (first quoting *Michael Borovsky Goldsmith LLC v. Jewelers Mut. Ins. Co.*, 359 F. Supp. 3d 306, 313–14 (E.D.N.C. 2019), then quoting *Ada Liss Grp. (2003) v. Sara Lee Corp.*, No. 1:06-CV-610, 2009 WL 3241821, at *13 n.10 (M.D.N.C. Sept. 30, 2009)) (additional citations omitted).

In an insurance context, a claim for breach of the covenant of good faith and fair dealing requires three elements: "(1) a refusal to pay after recognition of a valid claim; (2) bad faith; and

(3) aggravating or outrageous conduct." *Id.* at 531–32 (quoting *LRP Hotels of Carolina v. Westfield Ins. Co.*, No. 4:13-CV-94-D, 2014 WL 5581049, at *4 (E.D.N.C. Oct. 31, 2014)) (additional citations omitted). Here, Plaintiff, has not plausibly alleged that Mr. Ray was in privity of contract or an intended beneficiary of the Policy. Nor has Plaintiff demonstrated that Guideone refused to pay after recognizing a valid claim. Indeed, "legitimate and honest disagreement over the scope of coverage under an insurance contract does not amount to bad faith." *Id.* at 532. Thus, "when an insurer denies a claim because of a legitimate, 'honest disagreement' as to the validity of the claim, the insurer is entitled to judgment as a matter of law because the plaintiff cannot establish bad faith or any tortious conduct on the part of the insurer." *Id.* (quoting *Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd.*, 11 F. App'x 225, 238 (4th Cir. 2001)). Accordingly, the Court will dismiss Plaintiff's claim for breach of the covenant of good faith.

*UDTPA Claim*

Although N.C. Gen. Stat. § 58-63-15(11) does not include a private cause of action, a plaintiff may obtain relief for violations of its provisions under the UDTPA. *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 69–71 (2000); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 396 (4th Cir. 2018). "To state a UDTPA claim, a plaintiff must plausibly allege: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Bailey v. Certain Interested Underwriters at Lloyd's London*, 701 F. Supp. 3d 296, 307 (E.D.N.C. 2023), *aff'd,* No. 23-1642, 2024 WL 2795187 (4th Cir. May 31, 2024) (first citing Kelly v. Ga.-Pac., LLC, 671 F. Supp. 2d 785, 798 (E.D.N.C. 2009), and then citing *Walker v. Fleetwood Homes of N.C., Inc.,* 362 N.C. 63, 71–72 (2007)) (additional citation omitted). Relevant here, when an insurance company violates § 58-63-15(11) it also violates the UDTPA because

"such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." *Id.* (quoting *Gray*, 352 N.C. at 71) (additional citations omitted).

An alleged breach of contract can plausibly support a UDTPA claim only under a narrow set of circumstances. North Carolina law is clear that a "mere breach of contract, even if intentional, is not an unfair or deceptive act under [the UDTPA]," and the law "does not permit a party to transmute a breach of contract claim into a ... UDTPA claim ... because awarding punitive or treble damages would destroy the parties' bargain...." *Id.* at 307–308 (first quoting *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 41–42 (2006), then quoting *PCS Phosphate Co. v. Norfolk S. Co.*, 559 F.3d 212, 224 (4th Cir. 2009)) (additional citations omitted). Nevertheless, "if substantial aggravating circumstances accompany a breach of contract, then those circumstances can create an UDTPA claim." *Id.* at 308 (citing *Burrell v. Sparkkles Reconstruction Co.*, 189 N.C. App. 104, 111 (2008)) (additional citations omitted). "Generally, such aggravating circumstances include some element of deception, such as forged documents, lies, or fraudulent inducements." *Id.* (additional citations omitted).

Plaintiff alleges that Guideone violated several provisions of § 58-63-15(11), including (a) misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (b) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed; (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and (g) compelling [the] insured to institute

8

litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured. Compl. at ¶ 58. *See also* N.C. Gen. Stat. § 58-63-15(11).

Plaintiff admits to possessing a copy of the Policy. *Id.* at ¶ 14. In addition, Plaintiff acknowledges that Assembly was the Named Insured, that Guideone denied a claim for UIM benefits submitted by Plaintiff, that Plaintiff sent a letter requesting reconsideration, to which Guideone replied that it would respond "once we are complete with our additional review," and that no further response was received, prompting Plaintiff to initiate this litigation in August 2024. *Id.* at ¶¶ 13, 32, 35–38, 40. Taking Plaintiff's allegations as true, without more, Plaintiff has failed to allege any violation of § 58-63-15(11). And, as already explained, Plaintiff has not plausibly alleged a valid contract (or that Mr. Ray is in privity of contract with Guideone) so there can be no plausible "aggravated" breach of contract. Accordingly, the UDTPA claim must also be dismissed.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 14) is **ADOPTED**;

2. The Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED**;

3. Plaintiff's claims are **DISMISSED**; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.
Signed: September 25, 2025

Kenneth D. Bell
United States District Judge